IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**HENRY EPPERSON**                                                                                    **PLAINTIFF**
**#56566**

V.                              NO. 4:22-cv-00281-LPR-ERE

**E. HIGGINS,** *et al*.                                                                               **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.     Procedures for Filing Objections**

This Recommended Disposition (Recommendation) has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within 14 days of the date of this Recommendation. If you do not file objections, Judge Rudofsky can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

**II.    Background**

On March 3, 2022, Plaintiff Henry Epperson, detained at the Pulaski County Detention Facility (Detention Facility), filed this *pro se* § 1983 lawsuit. *Doc. 1*. Mr. Epperson sues Sheriff E. Higgins and "all chain of his command staff[,]" alleging

that they unlawfully placed a padlock on his cell in addition to the original key lock and control panel lock. *Doc. 1 at 2*. Mr. Epperson concludes. without providing a factual basis, that the padlock creates a "clear and present danger" and amounts to retaliation and deliberate indifference. *Id*.  In addition, he states that the Detention Facility's security system is "mediocre" and violates the Detention Center's "Statement of Philosophy" and unspecified state and federal safety mandates.  As for relief, Mr. Epperson states only that the issue "needs to be addressed" by Attorney General Leslie Rutledge.  *Id*.  Accordingly, the Court construes the complaint as seeking injunctive relief only.

    Mr. Epperson filed his complaint without submitting the filing fee or a motion to proceed *in forma pauperis* (IFP). In addition, he included the signatures of multiple Detention Center detainees, possibly as additional plaintiffs, but he failed to make clear whether his pleading was intended as a multi-plaintiff lawsuit. Accordingly, on March 29, 2022, the Court entered an order that: (1) directed Mr. Epperson to either pay the filing fee or file a motion for leave to proceed IFP; (2) advised Mr. Epperson that if he intended to file a *pro-se*, multi-plaintiff lawsuit, the Clerk would follow Court policy and treat the complaint as separate, independent lawsuits for each named plaintiff; and (3) notified Mr. Epperson that, as it then stood, his complaint failed to state a plausible claim and *would not* survive screening. *Doc. 2. at 2*-3.

On April 21, 2022, Mr. Epperson filed a motion to proceed IFP (*Doc. 3*), which was granted. *Doc. 4*. However, Mr. Epperson has not stated whether he intends this action as a multi-plaintiff lawsuit, and he has not supplemented or amended his complaint, which is now ready for screening, pursuant to 28 U.S.C. § 1915A.[1]

For the reasons explained below, Mr. Epperson's claims should be dismissed, without prejudice, based on his failure to state a plausible claim for relief.

### III. Discussion

To state a claim under 42 U.S.C. § 1983, Mr. Epperson must allege facts showing that Defendants deprived him of a constitutionally protected federal right. *McKay v. City of St. Louis*, 960 F.3d 1094, 1099 (8th 2020) To survive § 1915A screening, Mr. Epperson's "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 622, 678 (2009) (explaining that "labels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a viable claim for

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

relief; instead, a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); see also *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

The Court finds no authority for the proposition that Mr. Epperson's constitutional rights were violated solely by reason of a padlock placed on his cell door. To state a plausible constitutional claim based on the conditions of his confinement, Mr. Epperson must show that: (1) objectively, he is detained under conditions posing a substantial risk of serious harm; and (2) subjectively, defendants knew of and disregarded that excessive risk of harm.[2] See *Farmer v. Brennan,* 511 U.S. 825, 833-37 (1994). Mr. Epperson provides no facts indicating that the padlock on his cell poses a substantial risk that he will suffer serious harm, or that defendants were aware of and disregarded such risk. In addition, neither Detention Center policy nor state and federal safety standards govern Mr. Epperson's claim. *Kulkay v. Roy*, 847 F.3d 637, 645 (8th Cir. 2017) ("The mere existence of state and federal safety

---

[2] As a pretrial detainee, Mr. Epperson's claim is governed by the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment's Cruel and Unusual Punishment Clause. *See Bell v. Wolfish,* 441 U.S. 520, 535 n. 16 (1979). Under the Fourteenth Amendment, a pretrial detainee is entitled to "at least as great" protection as that afforded convicted prisoners under the Eighth Amendment. *See City of Revere v. Mass. Gen. Hosp.,* 463 U.S. 239, 244 (1983). The Eighth Circuit has yet to establish a definitive Fourteenth Amendment standard for pretrial, condition-of-confinement claims, and has used the Eighth Amendment's "deliberate indifference" standard to analyze such claims. See *Walton v. Dawson*, 752 F.3d 1109, 1118 (8th Cir. 2014) (citing *Holden v. Hirner,* 663 F.3d 336, 341 & n. 3 (8th Cir.2011)).

regulations does not charge prison officials with knowledge of potentially unsafe conditions in their facility."); *Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir. 1997) (explaining that "there is no § 1983 liability for violating prison policy").

Mr. Epperson also alleges that the placement of a padlock on his cell door is somehow "a form of retaliation." *Doc. 1 at 1*. However, his complaint contains no facts to support this bare conclusion. Accordingly, Mr. Epperson fails to state a plausible claim that his constitutional rights have been violated.

## IV.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff Henry Epperson's § 1983 claims be DISMISSED, without prejudice, based on his failure to state a plausible constitutional claim.

2. This dismissal should constitute a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 29th day of April, 2022.

_____
UNITED STATES MAGISTRATE JUDGE